UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                       Case No. 2:16-cr-20664-1

v.                                                 HONORABLE STEPHEN J. MURPHY, III

D-1, JAMES WIGGINS,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL [58]

After three days of trial, a jury found Defendant James Wiggins guilty of aiding and abetting a carjacking, but not guilty of using a firearm during and in relation to a crime of violence. ECF 51. Wiggins now moves under Rules 29 and 33 for a judgment of acquittal, or in the alternative, for a new trial. The Court has reviewed the briefs and finds that a hearing is unnecessary. For the reasons below, the Court will deny Wiggins's motion.

## DISCUSSION

I.    Acquittal Under Rule 29

Wiggins principally moves under Rule 29(c)(1)(2) of the Federal Rules of Criminal Procedure, a rule that permits a court to set aside a guilty verdict and enter an acquittal. In reviewing a motion under the rule, a court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United*

States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Court does not "weigh the evidence, assess the credibility of the witnesses, or substitute [its] judgment for that of the jury," but rather, draws every reasonable inference in favor of the jury's verdict. *Id.* (citations omitted).

The elements of aiding and abetting car-jacking are: (1) the offense of carjacking was committed by some person; (2) an act by the defendant that contributed to the commission of the carjacking; and (3) the defendant intended to aid in the commission of the carjacking. 18 U.S.C. §§ 2, 2119(1); *United States v. Bronzino*, 598 F.3d 276, 279 (6th Cir. 2010). As a federal crime, the car must have been "transported, shipped, or received in interstate or foreign commerce[.]" 18 U.S.C. § 2119. Wiggins does not contest that someone indeed committed a carjacking, but he argues that there was insufficient evidence that the car traveled in interstate commerce and that the two aiding-and-abetting elements were not met as to him.

The details of the carjacking came into focus through the testimony of several witnesses. The complainant, Reginald Carr, testified that two men had originally approached him in his car, ostensibly seeking cigarettes, but that they left after learning he might have a gun. ECF 60, PgID 347–48. Carr testified that the shorter of the two men returned later and stole his car. *Id.* at 350, 353–54. Katherine Strickland saw the events unfold, and testified to seeing the two men approach Carr's vehicle the first time. *Id.* at 398. She also saw them approach a second time and then heard gunshots. *Id.* at 398–99. She testified that initially one of the two men got into the car, but then the second man got in, too. *Id.* at 399–400.

Detective Brian Menge of the Highland Park Police Department spoke with Carr shortly after the incident and learned that Carr's cell phone was taken along with the vehicle. *Id.* at 486–87. Menge enlisted the aid of the FBI's Violent Crimes Task Force in an attempt to locate the car using cell-site data. *Id.* at 489. Based on the data, the Detroit Police Department pulled over a car. *Id.* at 497–98. The driver was co-defendant Tyree Darrell, and Wiggins was in the backseat. *Id.* at 498–99. Wiggins and Darrell were brought in for questioning and Darrell explained his involvement orally and in a written statement. ECF 61, PgID 525–27.

Darrell himself took the stand, too, and admitted that he was testifying in conjunction with a plea agreement. ECF 60, PgID at 410–11. He also admitted to being one of the two men who had approached Carr; he identified Wiggins as the other. *Id.* 416–17. During cross-examination, Darrell admitted that he was not entirely truthful with law enforcement officials shortly after his arrest, and Wiggins's counsel elicited other allegedly inconsistent testimony. *See, e.g.*, *id.* at 436, 444–45, 461–62.

Wiggins now takes issue with three alleged deficiencies in the Government's evidence. First, he insists that Darrell's inconsistencies precluded the jury from believing his testimony beyond a reasonable doubt, leading Wiggins to conclude that his own conviction was the result of "other errors which occurred at trial[.]" ECF 58, PgID 307. Second, Wiggins seems[1] to claim that there was insufficient evidence that the stolen vehicle traveled in interstate commerce. ECF 58, PgID 309–10. And third, Wiggins

---

[1] Wiggins's argument is not entirely clear; it drifts between allegations of insufficiency of the evidence and its inadmissibility. The Court therefore addresses the testimony in this section and then again below.

vaguely asserts that there was insufficient evidence to identify him as an aider and abettor to Darrell. *Id.* at 310–11.

Concerning the interstate-commerce argument, Agent Pennisi testified that he discovered the car's VIN number by researching its license plate, and a General Motors employee, William Hohnstadt, testified that a car with that VIN number would have been manufactured in Ohio. ECF 60, PgID 482. Although Wiggins objected to Pennisi's testimony on hearsay grounds, the objection was overruled, and Wiggins did not address the matter on cross-examination. ECF 61, PgID 590, 592–94. The jury therefore had before it enough evidence to find that the car traveled in interstate commerce.

The jury also had enough evidence to find Wiggins was an aider or abettor. The jury was made well aware of the alleged inconsistencies of Tyree Darrell's testimony, and that he testified in conjunction with a plea agreement. Those circumstances may have made Darrell a less-than-perfect witness, but they did not preclude the jury from believing all or part of his testimony, and disbelieving others. The jury also had before it the testimony of the arresting officers, the cell-tracking data, and the accounts of Carr and Strickland. When viewing the evidence in the light most favorable to the prosecution, the Court must conclude that a rational jury could have found all the essential elements of the crime beyond a reasonable doubt.

The final Rule 29 matter is that of the allegedly arbitrary or irrational verdict. Wiggins asserts that convicting him of aiding and abetting a carjacking while finding him not guilty of using a firearm during and in relation to the carjacking was irrational and inconsistent. ECF 58, PgID 311. To begin, the split verdict is not necessarily "inconsistent"—the jury could have reasonably believed that Darrell fired the gun,

4

notwithstanding Darrell's own telling.[2] But even so, "inconsistent verdicts are generally held not to be reviewable," *United States v. Lawrence*, 555 F.3d 254, 262 (6th Cir. 2009) (citing *United States v. Dykes*, 406 F.3d 717, 722 (D.C. Cir. 2005) and collecting other cases). Wiggins concludes that the split verdict was a "windfall" for the Government, but in situations like these, it is unclear whose "ox has been gored" because a "jury that inconsistently convicts the defendant of one offense and acquits him of another is as likely to have erred in acquitting him of the one as in convicting him of the other." *Id.* at 261–62 (quoting *United States v. Johnson*, 223 F.3d 665, 675 (7th Cir. 2000). Thus, whether inconsistent or not, Wiggins is not entitled to an acquittal.

## II. Retrial Under Rule 33

The balance of Wiggins's motion seeks relief under Rule 33, which permits a court, on the motion of a defendant, to vacate a judgment and grant a new trial "if the interest of justice so requires." A new trial may be granted when, for instance, reversible error has occurred, or if a defendant has received ineffective assistance of counsel in violation of the Sixth Amendment. *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). Still, the "defendant bears the burden of showing that a new trial ought to be granted" and the decision "rests within the district court's sound discretion." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). Motions for new trials are disfavored and should be granted with caution. *Id.*

### A. Ineffective Assistance of Counsel

Wiggins claims several omissions by his attorney constituted ineffective assistance of counsel, warranting a new trial. The bar for granting relief on that ground

---

[2] It was also, therefore, not against the manifest weight of the evidence.

5

is high; Wiggins must show that the errors of counsel were not only outside "the range of competence demanded of attorneys in criminal cases" but also that there is a reasonable probability that, but for the errors, he would not have been convicted. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

The first of the alleged errors was counsel's failure to raise a contemporaneous objection when the Government asked Darrell if he had ever "stolen cars with Mr. Wiggins on a prior occasion," and he answered "Yes." ECF 60, PgID 423. Counsel eventually raised the issue in an oral motion for a mistrial, so the Court reviewed the admission of the evidence for plain error and denied the motion because it found the evidence was admissible. ECF 61, PgID 509, 516–17. Wiggins may challenge that finding should he choose to appeal, but at this stage, the Court is merely tasked with evaluating counsel's failure to object under the two-prong *Strickland* standard. Viewed in that light, the Court cannot say that the failure to object met either prong. Remaining silent during the Government's question was not "objectively unreasonable," for, as the attorney explained, he did not object because he did not want to draw attention to the brief testimony and thereby "exacerbate the problem." ECF 61, PgID 513. It is also not reasonably probable that, but for his attorney's failure to object, Wiggins would not have been convicted. As discussed above, ample evidence existed for the jury to find that Wiggins was the second man involved in the carjacking, without relying on the fleeting prior-acts testimony. Counsel's failure to object was not ineffective assistance.

The second alleged error by counsel was failing to object to hearsay during Agent Pennisi's testimony. In fact, Wiggins's counsel did object, *see* ECF 61, PgID 590, but the Court overruled the objection. That claim of ineffective assistance thus also fails.

### B. Other Grounds for a New Trial

Wiggins claims he is entitled to a new trial because the verdict was against the "manifest weight of the evidence" and because "substantial legal error" occurred. ECF 58, PgID 312. As noted above, the verdict was not against the manifest weight of the evidence, but fully supported by it. Wiggins has also failed to identify any substantial legal error requiring a retrial.

#### 1. The Prior-Acts Evidence

The Court found that the prior acts testimony was admissible as showing "intent, preparation, plan and knowledge" and that its probative value outweighed its prejudice to Wiggins. ECF 61, PgID 516–17. Moreover, the Court instructed the jury that even though they heard testimony that Wiggins may have committed crimes, acts or wrongs other than the ones charged in the indictment, he was on trial only for the crimes charged and they should not return a guilty verdict unless the Government proved the crimes charged beyond a reasonable doubt. Jurors are presumed to follow the instructions they are given. *United States v. Taylor*, 814 F.3d 340, 365 (6th Cir. 2016). The admission of the evidence was not substantial legal error warranting a new trial.

#### 2. The Warrant and Its Fruits

Wiggins argues that the Court erred by admitting the cellphone information as fruit of an illegal search. He bases his argument on the fact that the warrant is dated two days after the affidavit that supported it. ECF 58, PgID 309. Wiggins raised this issue in a motion in limine, but the Court reserved ruling upon it pending trial proofs because,

pursuant to *Knott v. Sullivan*, 418 F.3d 561, 569 (6th Cir. 2005), "technical inaccuracies in a warrant do not automatically render unconstitutional searches conducted pursuant to such a warrant." The Court noted that the Government contended that the date was mere scrivener's error, so it would await the testimony of the officer who dated it and allow Wiggins to renew his motion if he wished. The officer ultimately testified that the date was indeed a simple error and Wiggins did not renew the motion. Wiggins has not provided—in his initial motion, at the hearing, or in the instant motion—any case supporting his assertion that the officer's explanation of the erroneous date is insufficient. The admission of the evidence obtained through the search warrant was not substantial legal error warranting a new trial.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Judgment of Acquittal [58] is **DENIED**.

**SO ORDERED**.

                                     s/Stephen J. Murphy, III
                                     STEPHEN J. MURPHY, III
                                     United States District Judge

Dated: December 15, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2017, by electronic and/or ordinary mail.

                                     s/David P. Parker
                                     Case Manager