UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 2:16-cr-20664

HONORABLE STEPHEN J. MURPHY, III

v.

JAMES WIGGINS,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR COMPASSIONATE RELEASE [89]**

On April 7, 2020, Defendant James Wiggins sent a letter to the Court and sought early release due to the COVID-19 pandemic. ECF 89. The Court will construe the letter as a motion for reduction of sentence pursuant to the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A). Wiggins was sentenced to 151 months' imprisonment on December 15, 2017. ECF 69. He has therefore served only a small fraction of his sentence. Wiggins did not argue that he is particularly susceptible to the disease; he stated that he is 22 years old and did not indicate that he has any underlying medical conditions. *See* ECF 89, PgID 1626. And, notably, he did not claim that he has pursued any administrative remedies. *See id.*

The Court may grant Wiggins' motion for modification of his sentence under the compassionate release provision of the First Step Act only if: (1) he exhausted all administrative remedies; or (2) he requested that the Bureau of Prisons ("BOP") bring a motion on his behalf and thirty days lapsed after his request. 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirements are "mandatory conditions precedent to

a defendant filing a motion under [§ 3582(c)(1)(A)]." *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). Because Wiggins did not claim that he has attempted to meet the exhaustion requirements, the Court must deny his motion.

Further, even if Wiggins had met the exhaustion requirement, he is not at least 70 years old and he has not demonstrated an "extraordinary and compelling reason" to justify early release. *See* 18 U.S.C. § 3582(c)(1)(A). The Court is aware of the extent of the COVID-19 pandemic, but Wiggins—as a 22-year-old man with no claimed preexisting conditions—is not particularly susceptible to the disease. And he did not specify whether anyone incarcerated in the same facility in which he is incarcerated has contracted the disease. *See* ECF 89, PgID 1626 (stating only: "[i]t has come to my attention that inmates have died as a result of COIVD-19"). There is therefore no basis on which to grant Wiggins's motion.

**WHEREFORE**, it is hereby **ORDERED** that Wiggins' motion for compassionate release [89] is **DENIED**.

**SO ORDERED**.

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: May 7, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 7, 2020, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager