UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 2:16-cr-20664-1 |
| Plaintiff/Respondent, | Civil Case No. 2:20-cv-10019 |
| v. | HONORABLE STEPHEN J. MURPHY, III |
| JAMES WIGGINS, | |
| Defendant/Petitioner. | |
| _____/ | |

**OPINION AND ORDER**
<u>**DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [84]**</u>

A jury found Defendant James Wiggins guilty of aiding and abetting carjacking in violation of 18 U.S.C. § 2119(1). ECF 69, PgID 750. The Court then sentenced him to a below-Guidelines sentence of 151 months' imprisonment. *Id.* at 751.

Defendant timely petitioned for a writ of habeas corpus under 28 U.S.C. § 2255. ECF 84. The Government responded to the petition. ECF 88. Defendant later submitted a letter that appeared to request an amendment to the petition. ECF 91. The Court reviewed the filings and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will deny the petition.

**BACKGROUND**

Defendant challenged his sentence under 28 U.S.C. § 2255 on four grounds. Defendant first asserted ineffective assistance of counsel. ECF 84, PgID 1575. Defendant specifically alleged that his trial counsel failed to object to testimony at trial and to improper jury instructions, *id.* at 1578–83, and that his appellate counsel

1

failed to raise sentencing issues on appeal, *id.* at 1585–86. On the remaining three grounds, Defendant reasserted claims he had brought on direct appeal. *Compare id.* at 1575 *with* ECF 82, PgID 1559–60. Those claims related to insufficiency of evidence supporting his conviction, violations of Defendant's due process right to a fair trial, and the procedural and substantive reasonableness of his sentence. *Id.* at 1575.

After the Government responded to the petition, Defendant sent an undated letter to the Court that appeared to raise another ground for ineffective assistance of his trial counsel. ECF 91, PgID 1631. Defendant's apparent claim suggested his trial counsel "failed to render adequate legal assistance" by not filing a jurisdictional challenge to his carjacking charge. *Id.* at 1632.

Last, Defendant requested that the Court appoint counsel "to properly litigate the complex issues at hand." *Id.* And Defendant asked the Court to reduce his sentenced to time served. *Id.*

**LEGAL STANDARD**

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws, (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a

sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

The Court will first address Defendant's letter and its impact on the petition. After, the Court will deny each habeas claim in turn. The Court will then deny the request for counsel and for time served. Last, the Court will deny a certificate of appealability and in forma pauperis status on appeal.

I.  <u>Defendant's Letter</u>

Defendant submitted a letter while the § 2255 petition was pending. ECF 91. The Court will liberally construe the letter as a motion to amend the § 2255 petition. *See Clark v. United States*, 764 F.3d 653, 659 (6th Cir. 2014) (explaining that a motion to amend filed before the adjudication of a § 2255 motion is properly viewed as a motion to amend rather than a second § 2255).

The Court must first determine whether the amendment is timely. "[P]ostconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003) (quoting § 2255(f)(1)). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Id.* at 532. For Defendant, the one-year limitations period under § 2255 expired "90 days after entry of the Court of Appeals'

3

judgment." *Id.* at 525. The Court received the letter a year after the Sixth Circuit affirmed the Court's judgment. ECF 91. On that basis, Defendant's letter was a timely motion to amend his petition.

"[A] motion to amend a §2255 motion is generally governed by the Federal Rules of Civil Procedure." *Clark*, 764 F.3d at 661. Federal Rule of Civil Procedure 15(a)(2) states that after a responsive pleading is filed, a party may only amend its pleading with the opposing party's written consent or with the Court's leave. The rule also states that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*

To resolve whether to grant leave to amend a pleading, the Court relies on six factors: (1) "undue delay in filing," (2) "lack of notice to the opposing party," (3) "bad faith by the moving party," (4) "repeated failure to cure deficiencies by previous amendments," (5) "undue prejudice to the opposing party, and" (6) "futility of [the] amendment[.]" *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (citation omitted). The last factor—futility of the amendment—sufficiently justifies the Court to deny leave to amend the petition. *Martin v. Assoc. Truck Lines*, 801 F.2d 246, 248 (6th Cir. 1986). A proposed amendment is futile if it could not survive a motion to dismiss. *Id.* The Court will deny Defendant's present motion to amend because it is futile.

The amendment hinges on whether Defendant's trial counsel was ineffective because he did not argue that the Government lacked jurisdiction to prosecute Defendant for the carjacking. To succeed on an ineffective assistance of counsel claim, Defendant must show: (1) that his counsel's representation "fell below an objective

4

standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

The amendment is futile because Defendant cannot show prejudice under *Strickland*'s second prong. *Id.* at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). The crime for which Defendant was convicted proscribed taking "a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce." 18 U.S.C. § 2119. Put differently, the Government need only show that the 2007 Chevrolet Trailblazer went between state lines at some point before the carjacking. *See* ECF 61, PgID 590 (describing the stolen car as a 2007 Chevrolet Trailblazer).

A General Motors employee testified that a car with the same VIN number was manufactured in Ohio. ECF 60, PgID 482. And because the car was stolen in Michigan, *id.* at 486, the car necessarily traveled between state lines at some point before the carjacking. As a result, Defendant's claim that the Government did not prove the jurisdictional hook beyond a reasonable doubt is baseless. Because Defendant cannot satisfy *Strickland*'s second prong, the Court will deny the amendment as futile.

II. Ineffective Assistance of Counsel

The Court will now address each ineffective assistance of counsel claim in turn.

A. *Failure to Objecting to Testimony*

Defendant first argued his trial counsel was ineffective for failing to object to the testimony of his friend, Tyree Darrell. ECF 84, PgID 1578–80. During the testimony, Darrell spoke about several events, including a brief discussion about stealing cars with Defendant in the past. *See* ECF 82, PgID 1561–62. Defendant's trial counsel, however, failed to object when the Government questioned Darrell about the prior car thefts. *See id.* at 1562. Still, as the Sixth Circuit held, the failure to object did not prejudice Defendant because the testimony did not affect the trial outcome:

> The stolen-car information was a minor part of Darrell's testimony and an even smaller part of the evidence against [Defendant] that the government presented in its case in chief. Any unfair prejudice to [Defendant] was minimized by Darrell's testimony that he and [Defendant] had not carjacked or used firearms in their earlier car-theft activities. And [Defendant's] counsel was able to attack Darrell's credibility by eliciting on cross-examination Darrell's admission that he had never disclosed these prior car thefts to law enforcement.

*Id.* at 1565.

Because the Sixth Circuit already held that Darrell's testimony did not affect the trial outcome, *id.*, there is no "reasonable probability that, but for counsel's [failure to object], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the end, Defendant cannot satisfy *Strickland*'s second prong and the Court will deny the first ineffective assistance of counsel claim.

### B.   *Failure to Object to Jury Instructions*

Next, Defendant claimed his trial counsel failed to object to the jury instructions on "serious bodily injury" and the aiding and abetting instruction. ECF 84, PgID 1582–83. Again, Defendant cannot show prejudice under *Strickland*'s second prong for the claim.

The "serious bodily injury" instruction defined the term as "bodily injury which involves a substantial risk of death or extreme physical pain." ECF 52, PgID 257. In the petition, Defendant merely claimed the instruction was "vague and rendered prejudice." ECF 84, PgID 1582. But the instruction accurately reflected the law and was not confusing, misleading, or prejudicial. *See United States v. Frazier*, 769 F. App'x 268, 271 (6th Cir. 2019) ("The term 'serious bodily injury' is defined as 'bodily injury which involves—(A) a substantial risk of death; (B) extreme physical pain . . . ."). And the Sixth Circuit "will not reverse a jury verdict if the jury instructions accurately reflected the law and were not, when 'viewed as a whole, . . . confusing, misleading, or prejudicial.'" *United States v. Guthrie*, 557 F.3d 243, 252 (6th Cir. 2009) (quoting *United States v. Blackwell*, 459 F.3d 739, 764 (6th Cir. 2006)). It follows that Defendant failed to show prejudice under *Strickland*'s second prong.

For the aiding and abetting instruction, the Court used the Sixth Circuit Pattern Criminal Jury Instruction § 4.01. *See* ECF 52, PgID 258. And the Sixth Circuit will not reverse an instruction that follows its pattern jury instructions. *United States v. Hines*, 398 F.3d 713, 718 (6th Cir. 2005). Because Defendant cannot

7

show prejudice under *Strickland*'s second prong for either jury instruction, the Court will deny the second ineffective assistance of counsel claim.

    C.    *Appellate Counsel*

Last, Defendant claimed his appellate counsel failed to raise issues pertaining to alleged errors in the presentence report. ECF 84, PgID 1586. Defendant's trial counsel preserved two objections to the presentencing report. ECF 75, PgID 904. The first objection centered on a seven-point enhancement for discharge of a firearm under the United States Sentencing Guidelines Manual ("U.S.S.G.") § 2B3.1(b)(2)(A). *Id.* The second objection focused on the two-point enhancement for a victim sustaining bodily injury under U.S.S.G. § 2B3.1(b)(3). *Id.* at 905–06.

The Court will again deny the claims under *Strickland*'s second prong. A "[c]ounsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

The objections would have no chance of succeeding on appeal because, as the Court noted at sentencing, the carjacking victim was shot during the theft. ECF 75, PgID 906. U.S.S.G. § 2B3.1(b)(2) has a seven-point enhancement "if a firearm was discharged." And § 2B3.1(b)(3) has a two-point enhancement "if any victim sustained bodily injury." The Sentencing Guidelines do not differentiate between *who* discharged a firearm or *who* caused bodily injury to the victim. *See* U.S.S.G. § 2B3.1(b)(2), (3). As the Court noted at sentencing, bodily injury and firearm discharge "undoubtedly" occurred during the crime. ECF 75, PgID 906. Although the

8

jury acquitted Defendant of discharging a firearm, ECF 51, PgID 245, the sentencing enhancements still apply to him because the two acts (firearm discharge and the victim's bodily injury) occurred during the carjacking of which he was convicted. The Court will deny the last ineffective assistance of counsel claim because Defendant has not shown that the enhancements would have had any chance of reversal on appeal. In sum, the Court will deny the ineffective assistance of counsel claims because Defendant could not show prejudice for any claim under *Strickland*'s second prong.

III. Claims Brought on Direct Appeal

"Absent exceptional circumstances, or an intervening change in the case law, [Defendant] may not use his § 2255 petition to relitigate" issues brought on direct appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Defendant has not asserted that there has been an intervening change in law or exceptional circumstances that will allow him to relitigate the three grounds he asserted before the Sixth Circuit on direct appeal. *See* ECF 84. As a result, the claims are barred, and the Court will deny the petition's last three grounds.

IV. Appointment of Counsel and Request for Time Served

Eight months after Defendant filed the § 2255 petition, Defendant requested that the Court appoint a lawyer to the petition "to properly litigate the complex issues at hand." ECF 91, PgID 1632. Defendant also asked the Court to reduce his sentenced to time served. *Id.* The Court will deny both requests.

As to the request to appoint counsel, "there is no constitutional right to counsel in habeas proceedings." *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005).

9

Appointing counsel in a § 2255 case is mandatory only if the Court holds an evidentiary hearing. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). "If no evidentiary hearing is necessary, the appointment of counsel . . . remains discretionary." *Id.* The Court may, however, appoint counsel in exceptional cases, like when a defendant "has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Id.* at 788 (citation omitted).

But Defendant has not claimed an evidentiary hearing was necessary to resolve his § 2255 petition. As evidenced above, no evidentiary hearing is necessary, and there is no exceptional aspect to the petition that warrants appointing counsel. The Court will therefore deny Defendant's motion to appoint counsel.

As to the request for time served, Defendant offered no arguments about why his sentence should be reduced other than the claims he raised in the § 2255 petition. ECF 91, PgID 1632. Because the habeas claims lacked merit, the Court will deny the request to reduce Defendant's sentence to time served.[1]

V.  Certificate of Appealability and Proceeding In Forma Pauperis on Appeal

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show that reasonable jurists could debate whether the Court should have resolved the § 2255 motion in a different manner, or that the issues

---

[1] Defendant has already sought a sentence reduction under the First Step Act's compassionate release provision. ECF 89. The Court denied the meritless request. ECF 90.

presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of Defendant's motion. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [84] is **DENIED**.

**IT IS FURTHER ORDERED** that the motions to appoint counsel and for a sentence reduction [91] are **DENIED**.

**IT IS FURTHER ORDERED** that the motion to amend the petition [91] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** Civil Case No. 2:20-cv-10019.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 9, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2021, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager