UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

Case No. 2:16-cr-20664-1

HONORABLE STEPHEN J. MURPHY, III

v.

JAMES WIGGINS,

           Defendant.

                              /

**OPINION AND ORDER
DENYING MOTION FOR COMPASSIONATE RELEASE [96]**

Defendant James Wiggins moved for compassionate release. ECF 96. The Government opposed Defendant's request. ECF 101. Shortly after the Government's response, Defendant filed a supplement to the motion. ECF 103. The Court will consider ECF 103 to be Plaintiff's reply brief. The Court will deny Defendant's motion because he failed to exhaust the administrative requirements to be eligible for compassionate release.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Plus, it is Defendant's burden to establish that he has exhausted all

1

his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted).

Here, Defendant has not only failed to offer evidence that he has exhausted his administrative remedies, *see* ECF 96, PgID 1655, but the Government has provided evidence that Defendant has not exhausted his administrative remedies, ECF 101-4, PgID 1712. Because Defendant has taken no concrete steps to meet the requirements of § 3582(c)(1)(A), Defendant has failed to show that he has exhausted his administrative remedies. The Court will therefore deny the motion for compassionate release without prejudice. Defendant may refile the motion after he has satisfied either condition of § 3582(c)(1)(A).

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [96] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: January 19, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 19, 2022, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager