UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

JAMES WIGGINS,

           Defendant.

_____/

Case No. 2:16-cr-20664-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING**
**MOTIONS FOR COMPASSIONATE RELEASE [105; 106]**

Defendant James Wiggins moved for compassionate release under the First Step Act. ECF 105; 106. The Court denied Defendant's second compassionate release motion, ECF 96, because he failed to exhaust his administrative remedies. ECF 104. Since then, Defendant has exhausted his administrative remedies. ECF 105, PgID 1851; ECF 106, PgID 1870. Because the motions are mere renewals of the second compassionate release motion that the Government already responded to, ECF 101, the Court will not order another Government response. The Court will also not hold a hearing for the motion. E.D. Mich. L.R 7.1(f)(1). For the following reasons, the Court will deny the motions for compassionate release.

In 2017, the Court sentenced Defendant to a below-Guidelines sentence of 151 months' imprisonment for aiding and abetting carjacking in violation of 18 U.S.C. § 2119(1). ECF 69, PgID 750–51. The Sixth Circuit affirmed the sentence. ECF 82.

1

Defendant then moved to vacate his sentence under 28 U.S.C. § 2255, ECF 84, that the Court denied, ECF 92, and the Sixth Circuit affirmed, ECF 107.

In the third motion for compassionate release, Defendant explained that two "extraordinary and compelling reasons" support his compassionate release motion. ECF 105, PgID 1854; ECF 106, PgID 1873–80. First, Defendant explained that based on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), he would be entitled to a lower sentence under the Guidelines if he were sentenced today. ECF 105, PgID 1854. And second, Defendant reasoned that the threat of the COVID-19 pandemic to his health justified his release. ECF 106, PgID 1873–80.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release, ECF 105, PgID 1851; ECF 106, PgID 1870, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

3

Defendant's first reason about a change in law to his sentencing guidelines is not extraordinary or compelling. The case that Defendant relies on, *Havis*, is irrelevant to his claims. ECF 105, PgID 1854. *Havis* held that "attempt crimes do not qualify as controlled substance offenses." 927 F.3d at 387. But Defendant's prior felony convictions as a juvenile were not attempt crimes. ECF 105, PgID 1858–61. And even if *Havis* were relevant, "a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i)." *United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022).

Second, Defendant's COVID-19 concerns are not extraordinary or compelling. The Sixth Circuit has held "that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Because Defendant has refused the COVID-19 vaccine, ECF 102-2, PgID 1805 (under seal), his COVID-19 concerns are not "extraordinary and compelling." As a result, the Court will deny the compassionate release motions.

**WHEREFORE**, it is hereby **ORDERED** that the motions for compassionate release [105; 106] are **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 24, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
