UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                  Case No. 2:16-cr-20664-1

      Plaintiff,

                                  HONORABLE STEPHEN J. MURPHY, III

v.

D-1 JAMES WIGGINS,

      Defendant.
_____/

              **OPINION AND ORDER DENYING**
**SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE [109]**

The Court has thrice denied Defendant James Wiggins's compassionate release motions. ECF 90; 104; 108. Defendant recently asked the Court to grant him compassionate release because Defendant wants to join the United States military so that he can fight Russia and protect the Ukraine. ECF 109, PgID 1901. According to Defendant, he is an "[a]ble bodied and mentally sane" man who "will be of great use to the country in its military." *Id.* While the Court credits Defendant's patriotic notions, the argument has not been exhausted, and the Court will deny the motion.[1]

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C.

---

[1] The Court will not order a Government response because the motion is meritless and would waste prosecutorial resources.

1

§ 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Plus, it is Defendant's burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted). And Defendant must show issue-specific exhaustion, which he has not done. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

Still, there is nothing extraordinary or compelling about Defendant's request. "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

Defendant has offered no evidence to suggest that the military would even accept him. *See* ECF 109. After all, Defendant committed violent crimes that show disregard for authority. ECF 69, PgID 750. And beyond that, Defendant has not shown that the military is seeking able-bodied men to fight in the Ukraine. *See* ECF 109. The Court will therefore deny the motion for compassionate release.

Last, this compassionate release motion is the fourth from Defendant that the Court has denied in less than two years. All future frivolous requests for compassionate release from Defendant will be dealt with through a single-sentence form order. *See United States v. Navarro*, 986 F.3d 668, 671–73 (6th Cir. 2021) (holding that a district court does not abuse its discretion when it denies compassionate release with a single-sentence form order).

**WHEREFORE**, it is hereby **ORDERED** that the supplemental motion for compassionate release [109] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 15, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager